Scott S. Christie
Thomas J. Goodwin
Irene M. Hurtado
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAYWARD INDUSTRIES, INC. <br><br> Plaintiff, <br><br> v. <br><br> OPTIMUM POOL TECHNOLOGIES, INC. and POOL GUY SUPPLY, INC., <br><br> Defendants. | Civil Action No. 2:13-cv-04745-DMC-MF |

## CONSENT PERMANENT INJUNCTION

THIS MATTER having been opened to the Court by Plaintiff Hayward Industries, Inc. ("Hayward" or "Plaintiff"), upon the filing of a Complaint alleging that defendants Optimum Pool Technologies, Inc. and Pool Guy Supply, Inc.

ME1 16587575v.1

("Defendants") have engaged in acts of trade dress infringement, trademark infringement, unfair competition, false designation of origin and passing off under federal law, the laws of the State of New Jersey, and common law with respect to Plaintiff's AQUARITE Trade Dress, as defined in the Complaint which is attached hereto as <u>Exhibit 1</u>, and depicted in Exhibit A to the Complaint, and the Hayward Marks, as defined in the Complaint; and

Defendants acknowledging the validity and distinctiveness of the AQUARITE Trade Dress and the Hayward Marks and Plaintiff's ownership of and rights therein, but expressly denying any and all allegations of unlawful conduct by them; and

Plaintiff and Defendants having resolved their differences, and it appearing that the parties, by their undersigned counsel or other representatives, have agreed to the form and entry of the within Consent Permanent Injunction and Order; and for good cause shown;

IT IS on this _____ day of January, 2014,

ORDERED THAT:

(1) Defendants and those acting in concert with them, upon notice, are hereby permanently enjoined, subject to Paragraph 5 below, from:

  (a) Using in any manner, including, without limitation, producing,

ordering or purchasing, using, distributing, displaying, shipping, advertising, marketing, promoting or selling, in any manner, including, without limitation, over the Internet (or any direct or indirect efforts in relation to any of the foregoing) any and all products bearing (i) the Infringing Trade Dress (as defined in the Complaint and depicted in Exhibit C to the Complaint) in its current configuration, including but not limited to the component configuration of the Infringing Control Unit (as depicted in Exhibit C to the Complaint; (ii) the Infringing Mark (as defined in the Complaint and depicted in Exhibit D to the Complaint); (iii) any mark including the terms T-CELL or TURBO CELL (as defined in the Complaint and depicted in Exhibits A and B to the Complaint); (iv) any trade dress that is confusingly similar to the AQUARITE Trade Dress, including but not limited to the component configuration of the AQUARITE Control Unit (as defined in the Complaint and depicted in Exhibit A to the Complaint); or (v) any other mark that is confusingly similar to the Hayward Marks (as defined in the Complaint and depicted in Exhibits A and B to

the Complaint);

(b) Reproducing, distributing, displaying (including, without limitation, over the Internet), selling and marketing (or any direct or indirect efforts in relation to any of the foregoing) any installation and operation manuals, instructions or printed materials in connection with the Infringing Control Units that are substantially similar to Plaintiff's copyrighted manuals, instructions or printed materials in connection with the AQUARITE Control Units ("Defendants' Infringing Materials") in accordance with the terms of the Settlement Agreement between the parties;

(c) Passing off, inducing, or enabling others to sell or pass off any products that do not emanate from Hayward or that are not distributed under the control and supervision of Hayward and approved by Hayward for sale that bear the AQUARITE Trade Dress, the Infringing Trade Dress, the Hayward Marks, the Infringing Mark, or any other confusingly similar trade dress or trademarks, as products distributed by or with the approval of Hayward;

(d) Committing any act calculated to cause purchasers to falsely believe that Defendants' products are those sold under the control and supervision of Hayward, are sponsored, approved or connected with, guaranteed, warranted, or produced under the control and supervision of Hayward;

(e) Shipping, importing, delivering, distributing, returning, or otherwise disposing of in any manner products or inventory bearing the Infringing Trade Dress, the Infringing Mark, or any trade dress or trademarks that are confusingly similar to the AQUARITE Trade Dress and/or the Hayward Marks;

(f) Further infringing the AQUARITE Trade Dress and the Hayward Marks and damaging Hayward's goodwill and business reputation; and

(g) Assisting, aiding or abetting any other person or entity in engaging or performing any of the activities referred to in paragraphs (a) through (f) above.

ME1 16587575v.1

(2)   On or before January 16, 2014, Defendants will provide Plaintiff with a list identifying the name and address of all entities and individuals who have purchased Infringing Control Units and Infringing Converters (as defined in the Complaint) from Defendants.

(3)   Defendants shall, in accordance with the terms of the Settlement Agreement between the parties, change the label on their remaining inventory of Infringing Control Units to a label that bears a trade dress that is not confusingly similar to the AQUARITE Trade Dress.  Such remaining inventory of the Infringing Control Units after the labels are changed to bear a trade dress that is not confusingly similar to the AQUARITE Trade Dress shall be referred to hereinafter as the "Remaining Generator Inventory," and Defendants shall provide Hayward with the serial identification numbers for the Remaining Generator Inventory.

(4)   Defendants shall, in accordance with the terms of the Settlement Agreement between the parties, change the label on their remaining inventory of Infringing Converters to a label that does not bear the Infringing Mark, any of the Hayward Marks, or a mark that is confusingly similar to any of the Hayward Marks or any other trademark of Hayward, and Defendants shall provide Hayward with the serial identification numbers for the remaining inventory of Infringing Converters.

(5)   Subject to Paragraphs 2 through 3 above, Defendants shall have a period of six (6) months from December 17, 2013 to sell off Defendants' Remaining Generator Inventory, accompanied by Defendants' Infringing Materials, during which time Defendants may distribute, ship, and sell (or any direct or indirect efforts in relation to any of the foregoing) said products in the United States.  Immediately upon expiration of that six (6) month period, Defendants shall destroy the Remaining Generator Inventory, and shall also destroy all copies of Defendants' Infringing Materials, and any circulars, price lists, labels, printing plates for labels, signs, prints, wrappers, receptacles, advertising matter, promotional and other material depicting the Infringing Trade Dress, and shall provide Hayward with a written certification attesting that any such destruction has occurred.

(6)   On or before January 16, 2014, Defendants shall destroy any circulars, price lists, labels, printing plates for labels, signs, prints, wrappers, receptacles, advertising matter, promotional and other material depicting the Infringing Mark, and shall provide Hayward with a written certification attesting that such destruction and/or removal has occurred.

ME1 16587575v.1

(7)    Notwithstanding Paragraphs 3 through 6 above, in accordance with the terms of the Settlement Agreement between the parties, Defendants shall immediately remove all images of any products bearing the Infringing Trade Dress and all references to the Infringing Mark and the Hayward Marks to refer to or describe Defendants' products from their respective websites.

**SO ORDERED** this _13_ day of January, 2014.

_____
HON. DENNIS M. CAVANAUGH
United States District Judge

WE HEREBY CONSENT TO THE FORM AND ENTRY OF THE FOREGOING CONSENT PERMANENT INJUNCTION:

| McCARTER & ENGLISH, LLP | ALVARADO SMITH, APC |
|---|---|
| By: _____ | By: _____ |
| Scott S. Christie | Kevin A. Day |
| Four Gateway Center | 1 MacArthur Place, Suite 200 |
| 100 Mulberry Street | Santa Ana, CA 92707 |
| Newark, New Jersey 07102 | Tel.: (714) 852-6800 |
| Tel.: 973-622-4444 | Fax: (714) 852-6899 |
| Fax: 973-624-7070 | |
| Attorneys for Plaintiff | Attorneys for Defendants |

8